**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Victor Manuel CASTANEDA–MONTES, Defendant–Appellant.**

No. 15–50329

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2016 Pasadena, California

FILED June 08, 2016

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Francis Anthony DiGiacco, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Davina T. Chen, Attorney, Law Office of Davina T. Chen, Glendale, CA, for Defendant–Appellant.

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,* Senior District Judge.

## MEMORANDUM **

Victor Manuel Castaneda–Montes ("Castaneda") challenges his sentence of 69 months following a conviction for attempted reentry into the United States following deportation, 8 U.S.C. § 1326(a). We affirm.

The district court did not plainly err in applying a 16–level crime of violence enhancement. U.S.S.G. § 2L1.2(b)(1)(A)(ii). Castaneda argues for the first time on appeal that his conviction for violating a restraining order with an act of violence or a credible threat of violence is not categorically a crime of violence. But he has not cited any case in which state courts have applied this statute to conduct that does not rise to the federal definition of a crime of violence, and he has not otherwise shown a "realistic probability" that the statute would be applied overbroadly. *See Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). The district court's application of the enhancement was thus not plain error.

Castaneda also argues that the sentencing scheme under 8 U.S.C. § 1326 violates the Sixth Amendment. However, the Supreme Court has held otherwise. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). And we have previously rejected the argument that this part of *Almendarez–Torres* was implicitly overruled by subsequent Supreme Court precedent. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 995–96 (9th Cir. 2006).

**AFFIRMED.**

---

* The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.